UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HOSSAM A ALI,

    Plaintiff,

v.

M.S.O. JENKINS et al.,

    Defendants.

Civ. No. 18-15078 (FLW) (LHG)

**MEMORANDUM OPINION**

## I. INTRODUCTION

Plaintiff, Hossam A Ali ("Ali" or "Plaintiff"), is proceeding *pro se* with this Complaint asserting violations of his civil rights under 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) On October 24, 2018, the Court granted Ali leave to proceed *in forma pauperis*. (ECF No. 2.) The Court now screens the Complaint under 28 U.S.C. § 1915(e). Also before the Court is a motion by Ali for appointment of *pro bono* counsel. (ECF No. 4.) For the reasons stated herein, Ali's claim against defendant M.S.O. Jenkins ("Jenkins") is permitted to proceed, but the remainder of his claims are dismissed without prejudice for failure to state a claim upon which relief may be granted. Ali's motion for appointment of *pro bono* counsel is denied.

## II. THE COMPLAINT

Ali is, apparently, a patient confined at the Ann Klein Forensic Center, a state psychiatric hospital. He alleges that, on January 22, 2017, Jenkins, a hospital employee, "was cursing at [Ali's] religion" and then grabbed Ali by the neck, choked him, and shoved him against a wall. (ECF No. 1 at 3.) Ali claims that Jenkins choked him until he "almost passed out" and that other officers had to come to help Ali. (*Id.*) Ali explains that the attack caused him severe bruising

and left him with difficulty moving his neck and swallowing, but he alleges that "no medical treatment had been done." (*Id.* at 4.) He seeks "appropriate charges" and compensatory damages. (*Id.*)

### III. THE SCREENING STANDARD

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### IV. ANALYSIS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That section provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

The Substantive Due Process Clause of the Fourteenth Amendment bars State punishment of persons who are not convicted of a crime, including those who are civilly committed. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). (*See* ECF No. 1.) Whether a condition of civil confinement is unconstitutional thus turns on whether it is imposed for the purpose of punishment or whether it

is incidental to a legitimate government purpose. *Bell*, 441 U.S. at 435–39. Here, Ali sufficiently pleads that Jenkin's attack on him was an unconstitutional punishment, unrelated to legitimate government purposes. Indeed, he alleges that Jenkins was fired from his hospital job as a result of the incident.

Ali does not, however, sufficiently plead claims against the other defendants, the Department of Health and Human Services, Linda Elras, and Hector Figroa ("Figroa"). Personal involvement by a defendant in an alleged constitutional violation is central to a § 1983 claim, and liability cannot rest on a theory of *respondeat superior*. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Pleading supervisory liability generally requires some affirmative conduct by the supervisor, such as a supervisor's implementation or maintenance of a policy, practice, or custom that caused the plaintiff constitutional harm. *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Santiago v. Warminster Township*, 629 F.3d 121, 129 n.5 (3d Cir. 2010).

Ali's only allegations concerning any of the other defendants are his assertions that Figroa took photographs of his injuries and told Ali "that [Jenkins] was seen on video camera choking [Ali] and he was fired immediately." (ECF No. 1 at 3.) These allegations are not sufficient to plead personal involvement by Figroa in any violation of Ali's constitutional rights. There is no suggestion that Figroa directly participated in any rights violation nor that that he was involved in a supervisory capacity. No other defendant is specifically mentioned in any context.

Finally, in the "Injuries" section of the Complaint, Ali states that "NO MEDICAL TREATMENT had been done as they consider me getting one of the officers into trouble." (*Id.* at 4.) An incarcerated plaintiff may assert a § 1983 claim for violation of the Eighth Amendment

where institutional staff have provided inadequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976). A person detained for reasons other than a criminal conviction, though not within the scope of the Eighth Amendment, may assert the same type of claim, with the same standard of review, under the Due Process Clause of the Fourteenth Amendment. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581–82 (3d Cir. 2003). A plaintiff asserting a § 1983 claim for inadequate medical care must show the existence of a serious medical need and that facility staff demonstrated deliberate indifference to that medical need. *Natale*, 318 F.3d at 582.

Ali's conclusory statement concerning medical care is insufficient to state a § 1983 claim for inadequate medical care. He does not identify any specific denial of medical treatment, nor does he allege personal involvement by any defendant. (*See* ECF No. 1.) Accordingly, to the extent he seeks to raise a claim for inadequate medical treatment, that claim is dismissed for failure to state a claim upon which relief may be granted.

## V. MOTION FOR APPOINTMENT OF *PRO BONO* COUNSEL

Ali has also filed a motion seeking the appointment of *pro bono* counsel to represent him. (ECF No. 4.) Generally, civil litigants have no constitutional or statutory right to counsel. *See United States v. Zoebisch*, 586 F. App'x 852, 856 (3d Cir. 2014). In some cases, the need for representation is great, and thus 28 U.S.C. § 1915(e)(1) grants district courts broad discretion to request the appointment of attorneys to represent indigent civil litigants in appropriate circumstances. The Court recognizes, however, that "volunteer lawyer time is extremely valuable" and, for that reason, that "district courts should not request counsel . . . indiscriminately." *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993). The Court must bear in mind "the significant practical restraints on the district court's ability to appoint counsel: . . . the

lack of funding to pay appointed counsel[] and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*

When evaluating an application for the appointment of *pro bono* counsel, the Court assesses seven factors originally identified by the United States Court of Appeals for the Third Circuit in *Tabron v. Grace*, 6 F.3d 147:

1. the potential merit of the applicant's legal position;
2. the applicant's ability to present the case without counsel;
3. the complexity of the legal issues involved;
4. the extent of factual discovery and the applicant's ability to investigate and to comply with discovery rules;
5. the extent to which the case may turn on credibility determinations;
6. whether expert testimony will be needed; and
7. whether the applicant can afford paid counsel.

*See Pricaspian Dev. Corp. v. Martucci*, No. 11-1459, 2011 WL 2429315, at *2 (D.N.J. June 13, 2011) (citing *Tabron*, 6 F.3d at 155, 158); *Prudential Ins. Co. of Am. v. Dobson*, No. 08-3951, 2009 WL 115966, at *1–2 (D.N.J. Jan. 16, 2009) (same).

In his motion, Ali states, "I believe I can represent myself with most aspects of my case. However, there may be court procedures and rules that I am not familiar with. For this reason I would like an attorney appointed to assist me." (ECF No. 4 at 3.) Assuming, based on the screening analysis above, that Ali may have potentially meritorious legal arguments, the Court nonetheless finds that an appointment of *pro bono* counsel is not warranted in this case. Ali has stated that he generally believes he can aptly represent himself, and the legal issues involved do not appear to be complex. There is no indication that fact discovery will be extensive, and it is

too early to determine whether the case will revolve around credibility determinations. It seems very unlikely that expert testimony will be needed. Finally, however, it does appear that Ali is unable to afford paid counsel. As the majority of the *Tabron* factors thus weigh against the appointment of counsel, and taking into account the practical restraints on asking counsel to take on *pro bono* representations, the Court will exercise its discretion to deny Ali's motion without prejudice. In the event that the circumstances relevant to this decision substantively change, Ali may again apply for the appointment of *pro bono* counsel.

## VI. CONCLUSION

For the reasons explained above, Ali's claim against Jenkins is permitted to proceed but the remainder of his claims are dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Ali may file an amended complaint including factual allegations that cure the deficiencies identified herein within 30 days. Ali's motion for appointment of *pro bono counsel*, (ECF No. 4), is denied. An appropriate order follows.

    /s/ Freda L. Wolfson
    FREDA L. WOLFSON
    United States District Judge