**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HOSSAM A. ALI, | |
| Plaintiff, | Civil Action No. 18-15078 (MAS) (LHG) |
| v. | **MEMORANDUM ORDER** |
| M.S.O. JENKINS, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Hossam A. Ali's ("Plaintiff") unopposed Motion for Default Judgment against Defendant M.S.O. Jenkins ("Defendant"). (*See generally* Pl.'s Mot. for Default J., ECF No. 47.) The Court has carefully considered Plaintiff's submission and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Plaintiff's Motion.

I.   **BACKGROUND**

Plaintiff initiated this action against Defendant for allegedly violating his constitutional rights while he was confined as a patient at the Ann Klein Forensic Center, a state psychiatric hospital. (*See generally* Compl., ECF No. 1; Sobel Cert. ¶ 11, ECF No. 47-1.) Specifically, Plaintiff alleges that Defendant, a hospital employee, "was cursing at [Plaintiff's] religion" and then grabbed Plaintiff by the neck, choked him until he "almost passed out," and shoved him against a wall. (Compl. 3.) According to Plaintiff, officers had to intervene to help him, and the

attack left Plaintiff with severe bruising and difficulty moving his neck and swallowing. (*Id.* at 3-4.)

On October 18, 2018, Plaintiff filed the instant action, pro se, against Defendant, seeking "appropriate charges" and compensatory damages. (*Id.* at 4.) On July 23, 2021, Plaintiff successfully served Defendant after the Court appointed pro bono counsel for this limited purpose of effectuating service upon Defendant. (ECF Nos. 29, 31.) Following successful service and that attorney's subsequent withdrawal, Plaintiff filed a new motion for pro bono counsel, which the Court granted. (ECF Nos. 35-40.)

Defendant never filed a responsive motion or answer to the Complaint pursuant to Federal Rule of Civil Procedure 55(a). Thus, on July 7, 2022, Plaintiff's newly appointed counsel, Jonathan Sobel ("Sobel"), filed a Request for Entry of Default and Certification with the Court. (ECF Nos. 44, 46.) The Clerk's Office, accordingly, entered default against Defendant for failure to plead or otherwise defend. (ECF No. 46.) Now, Plaintiff moves for default judgment against Defendant.

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 55[1] authorizes the Court to enter default judgment "against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. P. 55(b)(2); *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). Entry of default judgment is left to the district court's discretion. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Because entry of default judgment does not resolve a plaintiff's claims on the merits, it is a disfavored remedy. *See Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame*

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

*Corp.*, No. 20-10536, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (quoting *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984)).

Three analyses guide the Court's discretion. *See Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491, at *2 (D.N.J. Aug. 12, 2022). *First*, where a defendant fails to respond to a complaint, the Court must ensure that the plaintiff properly served the defendant. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). *Second*, the Court must ensure that "the unchallenged facts" in the complaint give rise to a "legitimate cause of action." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (quoting *DIRECTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). In conducting that assessment, the Court assumes as true all allegations in the complaint, except legal conclusions and allegations regarding damages. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir. 2005) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). *Third*, the Court must determine whether default judgment is appropriate by weighing three factors: "(1) whether the defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default." *Trs. of UFCW Loc. 152 Health & Welfare Fund v. Avon Food, Inc.*, No. 17-2178, 2018 WL 372167, at *3 (D.N.J. Jan. 11, 2018) (citing *Emcaso Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)).

III.   **DISCUSSION**

As a preliminary matter, the Court notes that Plaintiff has not followed the local rules. Local Civil Rule 7.1(d)(1) states that "[n]o application will be heard unless the moving papers and a brief, prepared in accordance with Local Civil Rule 7.2, and proof or acknowledgement of service on all other parties, are filed with the Clerk at least 24 days prior to the noticed motion date." L. Civ. R 7.1(d)(1). Additionally, Local Civil Rule 7.1(d)(4) provides that "in lieu of filing any brief

pursuant to Rule 7.1(d)(1) . . . , a party may file a statement that no brief is necessary and the reasons therefor." L. Civ. R. 7.1(d)(4).

"A motion that 'contains no legal argument and is [ ] unaccompanied by a separate brief or statement that no brief [is] necessary . . . violates [Local Civil Rule] 7.1(d) and may be denied [on] that basis alone.'" *Discover Bank v. Greenwood H. Home for the Jewish Aged*, No. 18-16020, 2020 WL 2839462, at \*4 (D.N.J. May 29, 2020) (quoting *Roy v. Ramsey Moving Sys.*, No. 15-3330, 2016 WL 1163932, at \*4 n.2 (D.N.J. Mar. 23, 2016); *see U.S. Small Bus. Admin. v. Klein*, No. 08-1964, 2009 WL 1457119, at \*1-2 (D.N.J. May 26, 2009) (denying motion to dismiss because the defendant filed a one-page certification without an accompanying brief or statement explaining why no brief was necessary). This local rule holds true for motions for default judgment. *See, e.g.*, *N.J. Bldg. & Laborers' Statewide Pension Fund v. Belmont Contracting Corp.*, No. 13-507 (D.N.J. Dec. 20, 2013), Op. Denying Mot. for Default J. 2, ECF No. 8 (denying plaintiff's motion for default judgment because plaintiff failed to file a brief or statement that no brief is necessary, in violation of Local Civil Rule 7.1); *Developers Sur. & Indem., Co. v. NDK Gen. Contractors, Inc.*, No. 06-0086, 2007 WL 542381, at \*2 (D.N.J. Feb. 15, 2007) ("Because [p]laintiff's application [for default judgment] does not meet the requirements of Local Civil Rule 7.1(d)(1), the Court will not hear [p]laintiff's application.").

Here, Plaintiff's application does not include a legal brief or a statement explaining why no brief is necessary. Instead, the only brief or statement the Court has received is a five-page certification by counsel in support of the motion. Because default judgment is a disfavored remedy and a legal brief may assist the Court in evaluating Plaintiff's entitlement to default judgment, the Court finds good cause to deny Plaintiff's motion and to require Plaintiff to comply with Local Civil Rule 7.1(d).

For these reasons, and other good cause shown,

**IT IS**, on this 20th day of March 2023, **ORDERED** as follows:

1.    Plaintiff's Motion for Default Judgment (ECF No. 47) is **DENIED without prejudice.**

2.    Plaintiff shall file a renewed motion that contains a legal brief or statement in accordance with the local rules within **thirty** days of the date of this Memorandum Order.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

5