**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOSSAM A. ALI,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>M.S.O. JENKINS,<br><br>　　　　　　Defendant. | Civil Action No. 18-15078 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court on Plaintiff Hossam A. Ali's ("Plaintiff") unopposed Motion for Default Judgment against Defendant M.S.O. Jenkins ("Defendant"). (ECF No. 50.) The Court has carefully considered Plaintiff's submission and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, Plaintiff's Motion is granted in part and denied in part.

**I.　BACKGROUND**[1]

　　Plaintiff, proceeding *in forma pauperis*, is a patient at Ann Klein Forensic Center, a state psychiatric hospital. (ECF No. 1-2; ECF No. 2.) On October 18, 2018, Plaintiff filed the instant action, *pro se*, for an alleged assault upon him on January 22, 2017, by Defendant, a hospital employee. (Compl. 3-4, ECF No. 1.) Due to Plaintiff's difficulty in locating Defendant to properly serve him a copy of the Summons and Complaint, the Court appointed *pro bono* counsel for the limited purpose of effectuating service. (ECF Nos. 20, 29.) After serving Defendant, that *pro bono*

---

[1] As the factual background of this matter is explained in this Court's Memorandum Order dated March 20, 2023 ("March 2023 Order"), the Court need not recite the facts and instead, incorporates them by reference herein. (ECF No. 49.)

counsel withdrew from representation in this matter. (ECF Nos. 32, 35.) Thereafter, Plaintiff filed a new motion for *pro bono* counsel, which the Court granted on March 15, 2022. (ECF No. 40.)

Since being properly served in July 2021, Defendant has still not appeared or answered the Complaint. On July 7, 2022, Plaintiff's newly-appointed counsel filed a Request for Entry of Default, which the Clerk entered on July 8, 2022. (ECF No. 46.) Then, Plaintiff moved for default judgment against Defendant. (ECF No. 47.)[2] On March 20, 2023, the Court denied Plaintiff's Motion without prejudice for failing to comply with Local Civil Rule 7.1(d). (ECF No. 49.) Finally, the Court granted Plaintiff leave to file a renewed motion in accordance with the local rules, which Plaintiff did on May 7, 2023. (ECF No. 50.)[3]

## II. LEGAL STANDARD[4]

Federal Rule of Civil Procedure 55[5] authorizes the Court to enter default judgment "against a properly served defendant who fails to file a timely responsive pleading." *La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. P. 55(b)(2); *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)).

Before entering default judgment, the Court must determine whether it has subject-matter jurisdiction over the claims asserted and personal jurisdiction over the parties. *Mark IV Transp. Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017) (quoting *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010)).

---

[2] Defendant was served a copy of Plaintiff's first Motion for Default Judgment via first class mail on August 26, 2022. (ECF No. 47-3.)

[3] Plaintiff's counsel served Defendant a copy of the instant Motion through first class mail on May 7, 2023. (ECF No. 50-4.)

[4] The standard for a motion for default judgment is also set forth in the March 2023 Order. (ECF No. 49.)

[5] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

If the jurisdictional requirements are met, three analyses then guide the Court's discretion in deciding a motion for default judgment. *See Victory's Dawn, Inc. v. Clemons*, No. 21-9744, 2022 WL 3402491, at *2 (D.N.J. Aug. 12, 2022). First, where a defendant fails to respond to a complaint, the Court must ensure that the plaintiff properly served the defendant. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985). Second, the Court must ensure that "the unchallenged facts" in the complaint give rise to a "legitimate cause of action." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (quoting *DIRECTV, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). In conducting that assessment, the Court assumes as true all allegations in the complaint, except legal conclusions and allegations regarding damages. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 & n.6 (3d Cir. 2005) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). Third, the Court must determine whether default judgment is appropriate by weighing three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)); *see also Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

### III. DISCUSSION

Upon leave by this Court, Plaintiff submitted a new Motion for Default Judgment, this time with a brief in support of Plaintiff's position. (ECF No. 50.) And "[b]ecause Plaintiff obtained entry of default prior to moving for default judgment, its [M]otion for [D]efault [J]udgment is procedurally ripe." *Nat'l Specialty Ins. Co. v. Papa*, No. 11-2798, 2013 WL 1952151, at *2 (D.N.J. May 9, 2013).

### A. Jurisdiction

First, the Court must consider the threshold question of jurisdiction. "Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject[-]matter jurisdiction over the parties." *Bramlett*, 2010 WL 2696459, at *1 (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). Here, the Court concludes it has both subject-matter jurisdiction and personal jurisdiction. The Court finds that it has federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim under 42 U.S.C. § 1983.

This Court also has personal jurisdiction over Defendant. "[A]n individual's domicile, or home, constitutes the paradigmatic forum for the exercise of general jurisdiction." *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) (internal quotation marks and citation omitted). Defendant is a resident of New Jersey, (ECF No. 31), and is not currently an active member of the military (ECF No. 51). The exercise of personal jurisdiction, therefore, is proper.

### B. Service

Having found that the Court has jurisdiction over this matter, the Court next addresses whether there was proper service. Rule 4 governs service and provides that an individual must be served by a nonparty "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). In this case, Plaintiff's prior *pro bono* counsel filed an affidavit of service showing that Defendant was personally served at his home in New Jersey in July 2021. (ECF Nos. 32, 33-3.) Nothing further in the record suggests that this service was improper. This Court, therefore, concludes that Defendant was properly served.

### C. Cause of Action

The Court turns next to evaluate whether Plaintiff has established a "legitimate cause of action." *Gordashevsky*, 558 F. Supp. 2d at 536. Assuming all facts alleged in the Complaint as true, this Court finds that Plaintiff properly pleaded a § 1983 claim against Defendant.

To state a cognizable claim under § 1983, a plaintiff must allege a "deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law." *Phillips v. County of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008) (citing *Kneipp v. Teder*, 95 F.3d 1199, 1204 (3d Cir. 1996)). A plaintiff is, thus, required to plead two elements to maintain a claim under § 1983: (1) that the plaintiff was deprived of a "right or privilege secured by the Constitution or the laws of the United States"; and (2) that the plaintiff was deprived of her rights by a person acting under the color of state law. *Williams v. Borough of West Chester*, 891 F.2d 458, 464 (3d Cir. 1989); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, taking the Complaint on its face, Plaintiff was in civil confinement at a state psychiatric hospital when he was attacked by Defendant, an employee of the state hospital. (Compl. 3; Cert. of Pl. ¶ 11, ECF No. 50-2.)[6] The Court, accordingly, construes the Complaint to allege deprivation of Plaintiff's substantive rights under the Due Process Clause of the Fourteenth

---

[6] Because the Complaint alleges that Defendant was an employee of a state hospital at the time he allegedly attacked Plaintiff, the Court finds that Plaintiff has sufficiently pled that his alleged deprivation was committed by a person acting under color of state law. *See Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *Gonzalez v. N.J. Dep't of Child. & Fams.*, 545 F. Supp. 3d 178, 201 (D.N.J. 2021).

Amendment. (*See* Feb. 2019 Op. 3, ECF No. 6.)[7] The Due Process Clause bars State punishment of persons who are not convicted of a crime, including those are who are civilly committed, such as Plaintiff. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).[8] In determining whether a condition of civil confinement violates the Due Process Clause, *Bell* sets forth a two-prong standard: "whether the questioned 'restrictions and practices' (1) 'are rationally related to a legitimate nonpunitive governmental purpose[,]' and (2) 'whether they appear excessive in relation to that purpose.'" *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) (quoting *Bell*, 441 U.S. at 561). The first prong of the *Bell* analysis requires a two-part inquiry, analyzing "first, whether any legitimate purposes are served by [the] conditions [of confinement], and second, whether these conditions are rationally related to these purposes." *Id.* (quoting *Hubbard*, 399 F.3d at 159).

While Plaintiff's *pro se* complaint is barebones, the Court finds that it is nonetheless sufficient to plead a § 1983 claim for a violation of the Due Process Clause. *See, e.g., Trs. of UFCW Loc. 152 Health & Welfare Fund v. Avon Food, Inc.*, No. 17-2178, 2018 WL 372167, at *2 (D.N.J. Jan. 11, 2018) (finding that plaintiff's "decidedly bare-bones" complaint was sufficient to state a claim because it offered "a coherent factual story about what happened and why [p]laintiff

---

[7] The Complaint does not specify which of Plaintiff's constitutional rights Defendant allegedly violated. (*See generally* Compl.) Generally, failure to identify a right secured by the Constitution would warrant dismissal for failure to state a claim. *Ingliema v. Town of Hampton*, No. 05-3497, 2007 WL 980414, at *2 (D.N.J. Mar. 28, 2007); *see also Camps v. Giorla*, 843 F. App'x 450, 453 (3d Cir. 2021) ("[A] violation of a constitutional right is an essential element for § 1983 claims."). Here, however, the Complaint was filed *pro se*, and thus, the Court is obligated to construe such *pro se* pleadings liberally and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999) (citing *Small v. Lehman*, 98 F. 3d 762, 766 (3d Cir. 1996)).

[8] The specific constitutional right alleged establishes what the controlling substantive law will be. *Ingliema*, 2007 WL 980414, at *2.

[was] entitled to relief.") Specifically, Plaintiff alleges that on January 22, 2017, at 10:59 AM, Defendant "curs[ed] at [Plaintiff's] religion." (Compl. 3.) Defendant then grabbed Plaintiff by the neck, choked him until he "almost passed out," and shoved him against a wall. (*Id.*) The Complaint further alleges that as a result of the incident, Defendant was fired from his hospital job and Plaintiff was left with severe bruising and had "extreme difficulty moving [his] neck and excessively hard time swallowing." (*Id.* at 3-4.) On these facts, the Court cannot discern any legitimate purpose served by Defendant's attack upon Plaintiff, nor was it "reasonably related to a legitimate governmental objective." *See Bell*, 441 U.S. at 539. The Court is satisfied, therefore, that Plaintiff has pled a legitimate cause of action under § 1983.[9]

### D. *Chamberlain* Factors

Finally, the Court considers whether entry of a default judgment is proper by weighing the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164. The Court finds that all three factors weigh in favor of entering default judgment.

First, Defendant has not appeared, submitted documentation, or otherwise communicated with this Court in any manner in response to the properly-served Complaint. This Court, moreover, cannot consider "whether the defaulting party has a meritorious defense" because Defendant has failed to make an appearance or provide a meritorious defense to evaluate. *See United States v.*

---

[9] The Court's finding here is consistent with its Memorandum Opinion dated February 28, 2019 ("February 2019 Opinion"), in which the Court found that Plaintiff had sufficiently pled that Defendant's alleged actions were an unconstitutional punishment unrelated to legitimate governmental purposes. (Feb. 2019 Op. 4, ECF No. 6.) The February 2019 Opinion assessed the sufficiency of Plaintiff's claim under the screening standard for prisoner complaints proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B).

*Vo*, No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016) (finding that because the defendant failed to respond, "no meritorious defense presently exists with respect to deciding th[e] motion for default judgment."); *see also Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. 2009) ("[B]ecause [defendant] has not answered or otherwise appeared in this action, the Court was unable to ascertain whether [defendant] has any litigable defenses."). Second, Plaintiff would be unfairly prejudiced in this case if denied default judgment because he has "no other means of vindicating [his] claim against the defaulting party." *Asher*, No. 03-1969, 2006 WL 680533, at *2. Finally, the Court finds Defendant culpable with respect to his failure to respond. *See Smith v. Kroesen*, No. 10-5723, 2015 WL 4913234, at *5 (D.N.J. Aug. 18, 2015) ("A properly served defendant has an obligation to defend himself against a plaintiff's claims, or he must expect that a judgment may be entered against him."); *see also Vo*, 2016 WL 475313, at *3 ("Non-responsiveness and refusal by [d]efendant to engage in the litigation process constitutes culpable conduct because [d]efendant is obligated to defend against [p]laintiff's claims."). In the two years since Defendant was served, (ECF No. 32), there has been no correspondence from Defendant, leaving this Court no choice but to find Defendant culpable in his inaction.

E.     **Remedy**

Having found that default judgment is appropriate, the Court now addresses the question of damages. "Default does not establish liability for the amount of damages claimed by the plaintiff." *Trucking Emps. of N. Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc.*, No. 08-2782, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009) (citation omitted). The Court must, thus, conduct "an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.*

"Under New Jersey law, once a plaintiff has established an injury, it need prove the amount of damages only to a reasonable degree of certainty." *Video Pipeline, Inc. v. Buena Vista Home Ent. Inc.*, 275 F. Supp. 2d 543, 566 (D.N.J. 2003) (citations omitted). For instance, "[a] plaintiff must provide 'an affidavit or other documentary evidence' to justify the amount in damages." *Superior Towing & Transp., LLC v. J.B. Hunt Transp., Inc.*, No. 21-0900, 2021 WL 4482824, at *7-8 (D.N.J. Sept. 30, 2021) (quoting *Bryant v. Jackson*, No. 13-2834, 2014 WL 6065714, at *1 (D.N.J. Nov. 12, 2014)). If the proof is insufficient, the Court may conduct a hearing or order the plaintiff to provide additional support. *Id.* at *4 (citing Fed. R. Civ. P. 55(b)(2); *Paniagua Grp. v. Hosp. Specialists LLC*, 183 F. Supp. 3d 591, 605 (D.N.J. 2016)).

In moving for default judgment, Plaintiff does not request a specific damage amount based on Defendant's conduct. The Complaint itself seeks "appropriate charges and $500,000.00 monetary compensation" for his § 1983 claim against Defendant. (Compl. 4.) In the instant Motion, however, Plaintiff argues that because his claim is not for a "sum certain," the Court may enter judgment against Defendant by default without assessing the amount of damages in the same motion. (Pl.'s Moving Br. 9, ECF No. 50-1.) Instead, Plaintiff requests an "evidentiary hearing to ascertain the extent of damages." (*Id.* at 10.)

Here, the Court agrees that it is within its discretion to "conduct a hearing in connection with the application for default judgment to determine the amount of damages or to establish the truth of any averment by evidence." *World Ent., Inc. v. Brown*, No. 09–5365, 2011 WL 2036686, at *2 (E.D. Pa. May 20, 2011) (citing Fed. R. Civ. Pro. 55(b)(2)); *Durant v. Husband*, 28 F.3d 12, 14 (3d Cir. 1994)). It remains unclear, however, whether Plaintiff intends to seek the original $500,000 in monetary damages requested in the Complaint, or an adjusted amount. Regardless, Plaintiff has not yet presented any proof for any amount of damages. *See Superior Towing &*

*Transp.*, 2021 WL 4482824, at *8 ("[P]laintiffs must still offer *some* proof of damages."). The Court, thus, finds it is premature to make any determination of damages at this stage. Similarly, the Court finds Plaintiff's request for a hearing premature without proposing an amount of damages or submitting any supporting evidence for the Court to assess.

This Court, accordingly, grants the Motion for Default Judgment as to Defendant's liability only, but reserves decision on its determination of damages sum certain. *See, e.g., Rose Containerline, Inc. v. Omega Shipping Co.*, No. 10-4345, 2011 WL 1564637, at *9 (D.N.J. Apr. 25, 2011). Plaintiff may move separately for monetary damages, with supporting documentary support. Specifically, in support of any motion as to damages, Plaintiff is to provide a written submission justifying the amount of damages sought and to append to his submission any documentary evidence he relied upon to prove damages. *See, e.g., Paniagua Grp.*, 183 F. Supp. 3d at 606. After reviewing Plaintiff's submission, the Court will determine whether an evidentiary hearing is required.

## IV.     CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment is granted in part and denied in part. The Court holds that while default judgment is appropriate as to liability, it is less appropriate as to the remedy of monetary damages. An order consistent with this Memorandum Opinion will follow.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
